AMALIA LEE, Appellant, *v.* EDWARD E. LEE, Defendant.

First Department, December 1, 1922.

**Husband and wife — divorce — decree denied by trial court on ground of collusion — finding of collusion not supported by evidence — decree granted.**

Though a trial court has suspicions that a divorce action is collusive, it is error to refuse to grant a decree on that ground, where the adultery of the defendant is proven and found by the trial court, and there is no evidence of the collusion upon which a finding could be based, and where, in fact, all the evidence relating thereto is to the contrary.

DOWLING, J., dissents.

APPEAL by the plaintiff, Amalia Lee, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 2d day of June, 1922, upon the decision of the court, rendered after a trial at the New York Special Term, dismissing the complaint upon the merits.

*George Z. Medalie* of counsel [*George Sylvester* with him on the brief], for the appellant.

No one appearing for the defendant.

SMITH, J.:

The action is for an absolute divorce. The adultery of the defendant was proven and found by the trial court. The divorce was denied, on the ground that the action was collusive. The plaintiff's brother with a friend saw the defendant come out from a restaurant near the Winter Garden with a woman not his wife. They followed the defendant and the defendant went to a hotel and registered under an assumed name, Edward E. Levy and wife. The plaintiff's brother very soon thereafter went to the same hotel and registered under an assumed name with a request that his friend follow him soon after and inquire for him. His friend did follow him and went up into the brother's room. Thereafter they went to the room assigned to the defendant and obtained admission to the room by saying that a bellboy wished to enter. They found the defendant with this woman in such condition as to fully justify the finding made by the trial court that the defendant was guilty of adultery.

The plaintiff swears positively that there was no collusion. The brother swears positively to the facts of the case and the brother's friend who went with him swears positively. They were not cross-examined by the court in any way and the defendant did not appear in court to defend. The husband and wife had

468   People ex rel. Broadway & 96th St. Realty Co. *v.* Walsh.

First Department, November, 1922.                    [Vol. 203

been separated about a year. Upon the night in question the brother and his friend had been to a club and walked uptown about midnight, when the brother saw the defendant come out of the restaurant with this woman. Whatever suspicion the court might have had that the action of the parties was collusive, there must at least be some evidence upon the record to show the grounds of such suspicion in order to uphold the finding. The record presents not a scintilla of evidence to justify the finding of collusion, and with the finding that adultery was committed the court should have granted the judgment for divorce to which judgment the plaintiff upon the record was clearly entitled.

The judgment should, therefore, be reversed, with costs, and judgment directed against the defendant for the divorce as asked by plaintiff, with costs.

Clarke, P. J., Page and Greenbaum, JJ., concur; Dowling, J., dissents.

Judgment reversed, with costs, and judgment directed against defendant for divorce as asked by plaintiff, with costs. Settle order on notice.